ADELA GAZTAMBIDE WIDOW OF ARRILLAGA ET AL., Plaintiffs and Appellants, *v.* HEIRS OF JUAN ORTIZ PERICCHI, ETC., ET AL., Defendants and Appellees.

No. 9541. Argued January 5, 1948.—Decided November 3, 1948.

*Francisco A. Arrillaga, pro se* and *Antonio Riera, A. Rivas Rosario, R. Trujillo Santiago, Alberto Ferrer, R. Gandía Biscombe,* and *Alberto Picó Santiago,* for coappellant Francisco A. Arrillaga; *Pedro E. Anglade,* for other appellants. *José A. Poventud* and *Enrique Báez García,* for appellee A. Tió Nazario. *Fernando B. Fornaris* and *Pablo Juan Toro* for Heirs of Ortiz Pericchi. *Amador Ramírez Silva* for appellee Flores Rodríguez.

MR. ACTING CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Juan Ortiz Pericchi brought a foreclosure proceeding against Rafael Arrillaga Urrutia and his wife Adela Gaztambide to collect a mortgage executed by the latter in favor of the former. By virtue of this proceeding the mortgaged property was adjudicated to the creditor. He sold it to Herminio Flores and Aurelio Tió Nazario. Subsequently Flores sold his share to Tió, who is at present the owner of the whole property.

After the death of Arrillaga Urrutia and Ortiz Pericchi, the appellants—the widow and children of the former—brought an action against the heirs of Ortiz Pericchi and against Flores and Tió seeking the annulment of the foreclosure proceeding and to recover damages for having been deprived of the possession of the property.

Among the defendants heirs of Pericchi there are two natural daughters of Ortiz Pericchi named María Antonia Ortiz Vélez and Emilia Ortiz Pimentel who were joined as defendants.

Upon being summoned Flores and Tió, the latter moved that Flores as well as the heirs defendants be called in warranty. Flores made the same motion in respect to said heirs.

The two natural daughters appeared in their dual character of defendants and of having been called as warrantors. Emilia Ortiz Pimentel moved that her name be stricken out of the complaint because since August 24, 1944 she had assigned to the widow of Ortiz Pericchi all her rights to the inheritance of her father and, therefore, that she was no longer a necessary and legitimate party to the "action for the annulment of the proceedings and for damages *and for eviction*." (Italics ours.)

María Antonia Ortiz Vélez, on July 28, 1945, filed a similar motion wherein she sought that her name be stricken out as defendant on the same grounds as her sister Emilia, although she did not expressly mention the notice in war-

ranty. In her answer to the complaint she alleged that she lacked information and belief to accept or deny the averments "and that since she conveyed her rights . . . and interest to doña Monserrate Juan Toro widow of Ortiz Pericchi, the latter had been subrogated in her rights.

In view of these motions, the plaintiffs asked leave to file an amended complaint, among other grounds, to strike from the complaint the names of the aforesaid sisters. Leave was granted by an order of September 11, 1945 and the complaint was amended accordingly. The amended complaint was not served on the two daughters and thereafter all the proceedings were carried on against those who remained as defendants. On motion of the latter the lower court rendered a summary judgment of dismissal. Plaintiffs appealed. The notice of appeal was not served on María Antonia and Emilia Ortiz. The appellees seek the dismissal of the appeal. They argue that since María Antonia and Emilia Ortiz were called as warrantors, they have an interest in the judgment, and consequently they should have been notified of the appeal in order for this Court to acquire jurisdiction.

The question to be decided is whether in the light of the stated facts these two defendants are comprised within the meaning of adverse party contemplated by § 296 of the Code of Civil Procedure.[1]

The notice in warranty has a twofold purpose. As to the vendee, it operates to lay the foundation for bringing against the vendor an action of warranty against eviction when by a judgment not subject to review resting on a right prior to the sale, the vendee is deprived in whole or in part of the thing purchased.[2] In other words in the absence of

---

[1] Section 296 of the Code of Civil Procedure provides:

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

[2] Section 1364 of the Civil Code provides, in its first paragraph:

"Eviction shall take place when by a final judgment, and by virtue of a right prior to the sale, the vendee is deprived of the whole or of a part of the thing purchased."

a notice in warranty, the vendee is not entitled to the warranty.[3] As to the vendor, the notice in warranty operates to give him an opportunity to defend the title which he conveyed to the vendee, either by joining him in the suit or by assuming the defense by himself, thereby averting, in case of dismissal, the action of eviction that could otherwise be brought by the vendee against him. But the vendor called as warrantor is not bound to litigate. It is up to him to do it or not. He may believe that the title is indefensible or he may be insolvent and in either case he may believe that it would serve no useful purpose to go into the troubles and expenses of a lawsuit. But no matter the ground or form of waiving this right, the waiver would not be contrary to law, to public interest or public order nor prejudicial to a third person. Section 4 of the Civil Code.

 In the present case we have noted that the vendees complied strictly with the duty of calling in warranty as provided by §§ 1370 and 1371 of the Civil Code. However, María Antonia and Emilia Ortiz, as heirs of the vendor, did not choose to defend the title. On the contrary, they moved the court that their names be stricken out of the complaint because in their opinion they were not liable inasmuch as they had assigned all their rights and interest in their father's inheritance to his widow. It is true that the amended complaint was not served on them. What was the use of notifying them if they had already withdrawn from

---

[3] Section 1370 of the Civil Code prescribes:

"The vendor shall be obligated to the proper warranty whenever it is proved that he was given notice of the suit for eviction at the instance of the vendee. In the absence of this notice the vendor shall not be bound to the warranty."

The first and last paragraphs of § 1371 of the Civil Code, provide:

"A defendant vendee shall request within the period fixed in the Law of Civil Procedure for answering the suit that notice thereof be given to the vendor or vendors within the shortest period possible.

"*Should the persons summoned for eviction* [called as warrantors] *not appear in the proper time and manner, the period in which to answer the suit shall continue with regard to the vendee.*" (Italics ours.)

the suit and chosen not to defend the title that had been conveyed by their father?

To this effect, the last paragraph of § 1371 of the Civil Code provides that "should the persons summoned for eviction [called as warrantors] not appear in the proper time and manner, the period in which to answer the suit shall continue with regard to the vendee." Manresa, commenting that same paragraph of the corresponding Section of the Spanish Civil Code, says:

"Should the vendor fail to appear *at the proper time and in the proper manner,* the period in which to answer the complaint shall continue with respect to the vendee; *the proceedings shall* be continued against him, [the vendee] but in case of eviction he shall be entitled to the warranty." *Comentarios al Código Civil Español,* Vol. 10 (2nd ed. 1908) page 217. (Italic ours.)

It may be argued that said sisters appeared "at the proper time." However, they did not do it "in the proper manner." Their appearance, far from being intended to defend the title of the vendees, sought to obtain their withdrawal from the suit because in their opinion they had no legal liability. Therefore, the action proceeded thereafter against those who appeared in the amended complaint as defendants, all further proceedings being carried on against them.

As it readily appears from the provisions of the Civil Code above cited the position of the vendor called as warrantor is *sui generis.* If he fails to appear no default can be entered against him simply because he does not partake of the nature of a defendant nor is any relief sought against him in suit. He is merely called to intervene by means of a notice in warranty as a preliminary measure to entitle him to the warranty in case of eviction. If, on the contrary, he appears to defend the title, he thereby does not become a defendant, simply because his function is confined to defend the title of the vendee. As said by Manresa, "when the vendor or vendors who are called in warranty do appear,

they do not become defendants on that ground. The defendant shall always be the vendee, but the vendor may join him in the defense of the title. The number of litigants is increased." Op., Vol. and p. cit. Of course, if the vendor appears to defend the title, although he does not thereby become a defendant,[4] he is interested in the outcome of the suit for in case the judgment is adverse to the vendee the latter will be entitled to obtain from the vendor the warranty against eviction. But the aforesaid defendants, after having been called as warrantors, voluntarily chose to withdraw from the suit thereby waiving their right to defend the title of the defendants. Thereafter they ceased to be parties at interest. Consequently, appellants were not bound to serve them with the notice of the appeal.

It can not be urged that when María Antonia Ortiz moved to have her name stricken out as defendant without mentioning her liability in case of eviction, she did not waive her right to be again called as warrantor and served with a copy of the amended complaint. This is so because her liability as defendant in the annulment of the foreclosure proceeding flows from her status as heir of the vendor and precisely because she is an heir of the vendor she was called as warrantor by those who purchased the property from her father. Consequently, since she denied all liability as heir on the ground that she had assigned all her rights to the inheritance in favor of the widow of Ortiz Pericchi, she also denied all liability for warranty in case of eviction. She can not cease to be an heir when suit is brought against her by the heirs of Rafael Arrillaga Urrutia and continue to be such when she is called as warrantor by the defendants Flores and Tió. For that reason we are of the view that the legal position of María Antonia Ortiz is exactly the same as that of her sister Emilia Ortiz.

---

[4] We have not been unmindful of the provisions of Rule 20 (a) of Civil Procedure.

We concede that in *Batlle* v. *Torruellas*, 39 P.R.R. 188, invoked by the appellees, it was said:

"It can be seen readily that the relation created in warranty in case of eviction is really one between the purchaser and the seller and that the question of who is going to defend the title is of no great importance to the plaintiff. But the juridical conclusion can not be avoided that the person called in warranty has an interest in the action, since the liabilities therefrom, if the plaintiff should be right, will fall on him. He is an adverse party to the plaintiff."

Nevertheless, we can not agree with appellees that the above quotation is decisive of the present case. Apart from the fact that it is *obiter dictum*, as we shall later see, we must bear in mind that the language of an opinion must be construed in the light of the facts of the particular case. In the light of this principle, we shall point out the primary difference between the facts in that case and the one at bar. In the *Batlle* case, *supra*, contrary to what happened in this case, the vendor called as warrantor appeared "at the proper time and in the proper manner" by filing a demurrer. The demurrer was granted. On motion of the plaintiffs judgment was rendered in order to enable them to have the decision reviewed on appeal. Plaintiffs appealed. The defendants sought its dismissal on the ground that notice of the appeal had not been served on the one called in warranty.[5]

In the case at bar, on the contrary, we have already noted that the sisters called as warrantors did not appear to defend the title conveyed by their father and refused to become litigants. But when, as in the *Batlle* case, the person called as warrantor appears to defend the title availing himself of

[5] This Court held, however, that although evidence of its service did not appear in the notice of appeal, service had been proved by other evidence. Inasmuch as the person called as warrantor was really notified of the appeal, it is obvious that the aforesaid language was unnecessary for the decision of the case and consequently it was an *obiter dictum*. However, bearing in mind that in that case the person called in warranty appeared to defend the title, the dictum is a correct statement of the law.

his right to litigate, and judgment is rendered, either for or against the vendee, it must be conceded that the vendor has an interest in the outcome of the appeal. It would be an inconsistency of the law to let him litigate in the lower court and then shut to him the doors of the appellate court when an appeal is taken. But the interest of the vendor existing in the *Batlle* case is lacking in this one and in view of the surrounding circumstances we are of the opinion that María Antonia and Emilia Ortiz should not be considered as the adverse party contemplated by § 296 of the Code of Civil Procedure.

The dismissal is denied.

